1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11 AZIZEH R.,

Case No.:  20cv2016-MDD

12                                    Plaintiff,

**ORDER GRANTING MOTION TO**
**PROCEED IN FORMA PAUPERIS**

13 v.

14 ANDREW SAUL, Commissioner of
Social Security,

**[ECF NO. 2]**

15

16                                    Defendant.

17

18      On October 14, 2020 Plaintiff Azizeh R. ("Plaintiff") filed this social

19 security appeal pursuant to Section 205(g) of the Social Security Act, 42

20 U.S.C. §405(g), challenging the denial of Plaintiff's claim for disability

21 benefits.  (ECF No. 1).  Plaintiff simultaneously filed a motion to proceed *in*

22 *forma pauperis* ("IFP").  (ECF No. 2).  For the reasons set forth herein, the

23 Court **GRANTS** Plaintiff's motion to proceed IFP.

24      All parties instituting any civil action, suit, or proceeding in a district

25 court of the United States, except an application for writ of habeas corpus,

26

27

1   must pay a filing fee of $400.[1]  *See* U.S.C. § 1914(a).  An action may proceed

2   despite plaintiff's failure to prepay the entire fee only if he is granted leave to

3   proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d

4   1176, 1177 (9th Cir. 1999).  "To proceed [IFP] is a privilege not a right."

5   *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).  A party need not be

6   completely destitute to proceed IFP.  *Adkins v. E.I. DuPont de Nemours &*

7   *Co.*, 335 U.S. 331, 339-40 (1948).  But "the same even-handed care must be

8   employed to assure that federal funds are not squandered to underwrite, at

9   public expense, either frivolous claims or remonstrances of a suitor who is

10  financially able, in whole or in material part, to pull his own oar."  *Temple v.*

11  *Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

12       Here, Plaintiff's affidavit sufficiently demonstrates an inability to pay

13  the fees or post securities required to maintain this action.  Plaintiff has had

14  no employment for at least the past two years.  (ECF No. 2 at 2).[2]  Plaintiff's

15  only sources of income are food stamps ($202.00 per month) and a monthly

16  $250.00 loan from a friend.  (*Id.*).  Plaintiff reports having no money in bank

17  accounts or in any other financial institution.  (*Id.*).  A car valued at

18  $2,000.00 is Plaintiff's sole asset.  (*Id.* at 3).  Additionally, Plaintiff estimates

19  monthly expenses of $445.00 used to cover housing ($41.00), food ($202.00),

20  clothing ($10.00), laundry and dry-cleaning ($25.00), medical and dental

21

22  ───────────────

23  [1] In addition to the $350.00 statutory fee, civil litigants must pay an

24  additional administrative fee of $50.00.  *See* 28 U.S.C. § 1914(b) (Judicial
    Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Oct.

25  1, 2019)).  The additional $50.00 administrative fee does not apply to persons

26  granted leave to proceed IFP.  *Id.*
    [2] All pincite page references refer to the automatically generated ECF

27  pagination, not the page number in the original document.

1 expenses ($20.00), transportation ($50.00), and motor vehicle insurance

2 ($97.00).  (*Id.* at 4-5).

3     The Court concludes that Plaintiff lacks substantial assets because

4 Plaintiff's expenses nearly equal Plaintiff's total monthly income.  Plaintiff's

5 affidavit sufficiently demonstrates an inability to pay the required filing fee

6 without sacrificing the necessities of life.  *See Adkins*, 335 U.S. at 339-40.

7 Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma*

8 *pauperis*.

9     **IT IS SO ORDERED.**

10 Dated:   October 19, 2020

11                                          Hon. Mitchell D. Dembin

12                                          United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27